THE STATE v. JOHN M. COMFORT.

MAY TERM,
1838.

State v. Comfort.

1. An indictment, under the 31st sec. 2d art. of the act concerning Crimes and Punishments, charged that defendant "feloniously, unlawfully, and with malice aforethought, did shoot at," &c. It should have adopted the words of the statute, "on purpose and of his malice aforethought." Error held fatal.
2. In such an indictment, it will be sufficient to charge the intent in the words of the act, and it need not be stated "with intent *feloniously* to kill."

5   357
124   415
5   357
141   555

APPEAL from the circuit court of New Madrid county.

*Cook,* counsel for defendant.

TOMPKINS, Judge, delivered the opinion of the court.

Comfort was indicted under 31st section of the 2d article of an act entitled "An act concerning crimes and their punishments," passed 20th March, 1835, and the indictment was quashed on motion of the defendant. To reverse this judgment of the circuit court, this appeal is prosecuted.

The first count in the indictment charges, that John M. Comfort, &c. with force and arms, &c. a certain pistol then and there loaded with powder and divers leaden shot, which he, the said John M. Comfort, in his right hand, then and there had and held at and against one John D. Talbot, &c. then and there feloniously, unlawfully and of malice aforethought, did shoot with intent, in so doing, him, the said John D. Talbot, then and there to kill contrary to form, &c.

The second count charges, in the same language, that the act was done with intent, in so doing, him the said John D. Talbot thereby, then and there to maim, contrary to, &c.

The objections to the indictment are: 1. That it does not pursue the words of the statute. 2. It does not charge the intent to have been felonious. 3. The second count charges two distinct offences. 4. The indictment does not charge that the defendant shot at Talbot. 5. It does not charge in the second count that the assault was made with a deadly weapon.

The 31st section, on which the indictment is founded, is in these words: "Every person who shall, on purpose, and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force, likely to produce death or great bodily harm, with intent to kill, maim, ravish, or rob

MAY TERM,
1838.

State v. Comfort.

An indictment, under the 31st sec. 2d art. of the act concerning Cri. & Pun. charging that def. "feloniously, unlawfully and with malice aforethought, did shoot at," &c. It should have adopted the words of the statute, "on purpose and of his malice aforethought." Error held fatal.

such person, or in the attempt to commit any burglary or other felony, or in resisting the execution of any legal process, shall be punished," &c.

1. The first objection is, that the indictment does not pursue the words of the act. The words of the act here intended are: "Every person who shall, on purpose, and of malice aforethought, shoot," &c. The words used in the indictment to charge the offence are, that the "prisoner feloniously, unlawfully, and of his malice aforethought, did shoot," &c.

It is a general rule, says Chitty, that all indictments upon statutes, especially the most penal, must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it; and this rule applies as well to those which take away the benefit of clergy from offences which exist at common law as those by which new felonies are created; and a conclusion contrary to the form of the statute, &c. will not aid a defect in this respect. And not even the fullest description of the offence, were it even in the terms of a legal definition, would be sufficient without keeping close to the expressions of the statute—see 1 Chitty's Crim. Law, p. 282; and, therefore, continues the same author, where a man was indicted for robbery in a certain "king's foot-way, leading from London to Isleington," he was admitted to his clergy, because the statute which takes it away from the crime, describes the place as "on or near the king's high-way," which ought to have been stated in the proceedings. The rule here prescribed by the author appears to me to be reasonable, for if we allow one deviation from the statute we are disposed to countenance another. This would all tend to place the prisoner more at the discretion of the court and the prosecutor. It was as easy for the circuit attorney to have charged in the indictment, that the prisoner, on purpose and of his malice aforethought, did shoot, &c. as to have charged that he did feloniously, unlawfully, and of his malice aforethought, shoot, &c. In describing the offence in the language of the law, he would certainly have set out the true intention of the law-making power; in describing it as he does, he might not have done so. It would be some reproach to the courts of our country were the rights of the citizen to be guarded by them with less solicitude than those of a subject are by the courts of England. Such a description of this offence would not, according to Mr. Chitty's rule above cited, be held good

by an English court; therefore, it ought not to be held good by our courts. Both counts of the indictment then, are, in my opinion, bad, for not pursuing the words of the statute.

2. That the indictment does not charge the intent to have been felonious. This objection appears to me of no weight; the intent is charged in the very language of the act. The authority cited does not support the objection. The coventry act declares that the offence therein described, shall be felony without the benefit of clergy; therefore, the felonious intent is charged in the indictment—see 3 Chitty, Crim. Law, p. 785, for the English statute, and p. 787, for an indictment framed under it. Our statute simply declares that the person guilty of the offence therein described, shall be punished by imprisonment in the penitentiary.

In such an indictment, it will be sufficient to charge the intent in the words of the act, and it need not be stated "with intent *feloniously* to kill."

3. The second count charges two distinct offences. It charges that the defendant did make an assault, and that he did shoot, &c. The act of raising the pistol to shoot, is an assault, and had the first count charged the making of an assault in the same manner that the second does, it would, in my opinion, have been more conformable to the usual mode of stating the matter of indictments; this, then, in my opinion, is no defect in the indictment.

4. That the indictment does not charge that the defendant shot at Talbot. The style of the indictment is according to custom, much inverted. An indictment for murder, on which I first chanced to lay my hands, reads thus: "That A. W. on, &c. aforesaid, with force and arms, at, &c. aforesaid, in and upon the said C. D. in the peace, &c. then and there being, feloniously, wilfully, and of his malice aforethought, did make an assault." Nobody, I believe, has hitherto found any difficulty in understanding that, in such an indictment as this, the framer intended to say that A. W. did make the assault on C. D. But the counsel for the accused have chosen to suppose that the circuit attorney who framed this indictment, intended to say Comfort held the pistol at and against Talbot, and shot, consequently, at nothing. The word "against" is very uselessly inserted in the indictment, and if that word had been omitted, there is nothing at all amiss in this part of the indictment; but as it stands there, it conveys no meaning, and can vitiate nothing. The fourth is then, in my opinion, of no weight.

5. The indictment does not charge in the second count, that the assault was made with a deadly weapon.

It is most manifest that no assault was intended to be charged in the second count, other than that necessarily made when the accused shot at Talbot; therefore, it is not necessary to set out that an assault was made with a deadly weapon.

For the reason that the indictment does not pursue the words of the act, as stated in the first objection, the judgment of the circuit court ought, in my opinion, to be affirmed, and the rest of the court concurring, it is affirmed.