## THE STATE v. MITCHELL.

Error to the Circuit Court of Lewis county.

If the offence charged in the indictment be described in the words of the statute, it is sufficient.

### Abernathy for the State.

It is not necessary to aver the names of the games play-ed, see Revised Statutes page 208,—17th section, 8th article same act. Pirtles digest vol. 1, pages 517 and 518. 3 J. J. Marshall's report 133 Montu vs. Commonwealth of Kentucky.

### Wright for Defendant.

The indictment being founded on the statute, it is necessary that the charge contain every element or constituent of the offence, and an expanded definition of the offence must be made 15th sec. R. C., p. 207.

Opinion of the court delivered by Tompkins Judge.

Mitchell was indicted for permitting gaming in his house, and the indictment being quashed on motion of the defendant, the State prosecutes this appeal to reverse the judgment of the circuit court. The indictment is framed on the 17th section of the 8th article of the act concerning crimes and their punishments page 208, of the digest of 1835, and charges that Mitchell did suffer a certain gambling device, com-monly called 'cards, adapted, devised and designed for the purpose of playing at games of chance for money and prop-erty, to be used in a certain house of which he the said Thomas, then and there had possession; and that the said Thomas L. Mitchell, then and there in the said house in his possession as aforesaid, knowingly, wilfully and unlawfully, did suffer games of chance to be played at and upon said gambling device for money and property upon which said games of chance so played, money was then and there bet, won and lost &c. The section above referred to, and on

OCTOBER TERM which this indictment is framed, is in these words, viz:
1839. "Every person who shall suffer or permit any gaming table,

The State bank or device prohibited by the preceding provisions to be
vs. set up, or used for the purpose of gaming, in any house,
Mitchell. building, shed, booth, &c. to him belonging or by him occu-
pied, or of which he hath at the time the possession or con-
trol, shall on conviction be guilty of a misdemeanor &c."
If the of- It has often been decided, that if the offence, in the indict-
fence charged
in the indict- ment charged, be described in the words of the statute it is
ment be de-
scribed in the good. See Vaughn vs. the State, page 335, of the 4th vol-
words of the ume of Missouri Decisions, and the State vs. Comfort, page
statute, it is
sufficient. 358, of the 5th volume. The circuit court then seems to
have committed error in quashing the indictment. Its judg-
ment is therefore reversed, and the cause will be remanded
to be proceeded in conformably to this opinion.