## SPRATT *vs.* THE STATE.

1. In an indictment for *gaming*, under the sixteenth section of the eighth article of the act concerning crimes and punishments, (Rev. Stat., 1835, p. 208,) if the offence charged be described in the words of the statute, it is sufficient.

2. An endorsement on an indictment, as follows, "A true bill," signed by the foreman, is a sufficient certifying of the indictment.

3. Evidence that the offence proved before the jury (and of which the jury found the defendant guilty) is another and different offence from that which was proved before the grand jury who found the bill, is inadmissible.

APPEAL from the Circuit Court of Platte county.

Jones, *for Appellants.*

Points relied on by plaintiff:—

1. That the indictment is general and uncertain. Every crime must appear on the face of the record with a scrupulous certainty.—1 Chitty's Crim. Laws, 172; 10 Petersdorf Abr., 470.

The manner of the whole fact ought to be set forth. An indictment accusing generally is bad.—1 Chitty's Crim. Laws, 229; 2 Hawkins, 25, 57, 59; 1 Salker, 198.

It is a general rule that all the circumstances which make up and constitute an act of crime should be stated.—15 Arch.; 2 East, 30; 5 East, 244; 1 Chitty's Crim. Laws, 169; 6 A. C. Laws, 11; 7 Serg. and Rawle Penn. Rep., 474, 5; 7 O. Rep., 206.

2. That the indictment does not pursue the words of the statute in describing the offence. The words of the statute must be strictly pursued in describing the offence; equivalent words will not do.—5 Mo. Rep., 358, 361; 1 Chitty's Crim. Laws, 282, 3.

3. That the indictment is not legally certified by the foreman of the grand jury. (Rev. Stat. Mo., 481, sec. 19, art. 3.) All indictments must be in words at length; no abbreviations can be admitted.—1 Chitty's Crim. Laws, 174; 2 Hale, 170, N. G.

4. That the evidence offered and rejected by the court ought to have been admitted.—1 Chitty's Crim. Laws, 162–8, 212; 3 *Ibid.*, 949; 4 Bla. Com., 102, 302.

Tompkins, *Judge, delivered the opinion of the Court.*

Jeremiah H. Spratt was indicted under the 16th section of the 8th article of the act concerning crimes and punishments, and being found guilty, he now seeks to reverse the judgment of the Circuit Court.

It is objected—

1. That the indictment is uncertain.

2. That it does not pursue the words of the statute in describing the offence.

3. That it is not legally certified.

4. That the evidence offered and rejected by the court ought to have been received.

The indictment charges that Spratt did bet a large sum of money, to wit, the sum of twenty-five cents upon a game of chance, played by means of a pack of playing cards, which said pack of playing cards was, &c., a gambling device, adapted, devised, and designed for playing a game of chance for money and property. The 16th section of the above act provides, "That every person who shall bet any money or property, &c., at or upon any gaming table, bank or device, prohibited by the preceding section," &c. The preceding section, to wit, the 15th section, after enumerating several species of gaming tables or gambling devices, adds, "Or any kind of gambling table or gambling device, adapted, devised, and designated for the purpose of playing any game of chance for money or property," &c. These are the gaming tables, banks, or devices referred to by the 16th section, and prohibited by the 15th.

In the case of The State *vs.* Mitchell, (6 Mo. Rep., 147,) it was decided, that if the offence, in the indictment charged, be described in the words of the statute, it is good. To the same purpose, see cases there referred to. The indictment in this cause describes the offence in the words of the statute.

The third objection to the indictment is, that it is not legally certified by the foreman of the grand jury. The act requires the foreman of the grand jury to certify under his hand that the indictment is a true bill.

On the record, we find this entry.

"On the back of which indictment we find the following endorsement, to wit: 'The State *vs.* Jeremiah H. Spratt:—a true bill:' subscribed by the foreman. This endorsement is very well made."

The fourth point is, that the court rejected evidence. The bill of exceptions shows, "that the plaintiff offered to prove to the jury, by competent evidence, that the offence given in evidence by the circuit attorney, before the jury, on the trial of this cause, and for which the jury found a verdict of guilty against the defendant, was another and different offence from that which was proved before the grand jury "who found the bill against the defendant." This evidence was rejected by the court, and exceptions taken.

It might very well happen that the defendant was guilty of betting many times within the time limited by law for prosecuting such offences, and that any one of these offences might have been proved before the jury under this indictment, for the only certainty required by the statute is as to time and place. And if the bill be found within the time, and after the commission of the offence, limited by law, and the offence be charged to have been committed within the county, it is enough. So that, if the defendant had been frequently guilty of betting the sum of twenty-five cents, as charged, he might have been found guilty under this indictment of any one of such offences; and it ought to be imputed to his good fortune that he escaped indictment of the remaining part. No grand juror can be allowed to come into court to say that evidence given before the body of which he was one, went to

establish the fact of the betting on one day of the month rather than on another, or at one place in the county rather than at another; for these things are immaterial, unless it be to discredit a witness. The seventh section of the third article of the act to regulate practice and proceedings in criminal cases, directs the deliberations of grand juries to be private; and the seventeenth section of the same article provides, that "No grand juror shall disclose any evidence given before the grand jury, except when lawfully required to testify as a witness in relation thereto," &c. It is the second time that I ever knew a member of the bar pretend to be informed of the evidence given before the grand jury before it was disclosed in the manner prescribed by law, and this does not here appear to have been disclosed in such manner.

The judgment of the Circuit Court will be affirmed.