## MARTIN vs. THE STATE.

An indictment for a riot, alleging an "intent to make an assault," must charge it to have been, "with force and violence." It is not sufficient to charge it to have been "with force and arms."

## APPEAL from Benton

WINSTON, for the Appellant.

### POINTS AND AUTHORITIES.

1. The appellant contends that the indictment does not pursue the words of the statute, and is therefore bad. See Revised Code p. 202, sec. 6; 5 Mo. Rep. 359, 361.

2. The indictment is bad for duplicity.

3. The indictment is for a misdemeanor, and charges a felony.

McBRIDE, J., delivered the opinion of the court.

The defendant with divers other individuals, was indicted by the grand jury of Benton county, at the December term, 1843, of the circuit court for a riot. The defendant having taken a separate trial, was found guilty, whereupon he moved the court for a new trial, and in arrest of judgment, assigning among other reasons the following: "The indictment is not such a one as the court ought to render a judgment upon, the same being wholly informal and insufficient," which being overruled he excepted and took an appeal to this court.

The indictment charges that "William L. Vaughn, Jonathan Martin and others, (naming them,) heretofore, to-wit: On the 19th September, A. D. 1843, at the county of Benton and State of Missouri, did then and there *with force and arms,* unlawfully, riotously and tumultuously assemble themselves together with the intent to commit an assault upon the body of Samuel Yeates, and did then and there, being so assembled as aforesaid, *wickedly, riotously, and unlawfully assault* and beat, whip, bruise and maim the said Samuel Yeates, to-wit: at the county of Benton and State of Missouri, contrary to the form of the statute," &c.

The indictment is framed upon the 6th section of the 7th article of an act entitled "an act concerning crimes and punishments," Revised Code 202, which provides that if three or more persons shall assemble together, with the intent or being assembled shall agree mutually to assist one another to do an unlawful act, *with force and violence,* against the person or property of another, or against the peace, or to the terror of the people, and shall accomplish the purpose intended, or do any unlawful act in furtherance of such purpose in a violent or turbulent manner, every person, &c.

It is a well settled principle, that an indictment framed upon a statute, must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it, and must with certainty and precision charge him with having committed, or omitted the acts constituting the offence, under the circumstances and with the intent mentioned in the statute; and the defect will not be aided by verdict, nor by a conclusion *contra formam statuti.* The pleader should keep close to the expressions of the statute, otherwise his indictment will be bad, notwithstanding he may use the fullest common law description and legal definition of the offence. Barbour's Crim. Treatise 290. An indictment on that part of the black act, which made it felony "*wilfully and maliciously*" to shoot at any person in a dwelling house or other place was holden bad, because it charged the offence to have been done "*unlawfully and maliciously.*" R. vs. Davis, Leach 556. So, an indictment upon statute 7 and 8 G. 4, C. 30, § 2, for feloniously, voluntarily and maliciously setting fire to a barn, was holden bad, because the words of the statute are "unlawfully and maliciously." R. vs. Turner, R. & M. 239.

The same principle has been recognized by this court in several adjudications. See State vs. Comfort, 5 Mo. Rep. 357; State vs. Martin, Ib. 362; State vs. Mitchell, 6 Mo. Rep. 147; State vs. Helm &

Thornhill, Ib. 236; State vs. Brown, 7 Mo. R. 210; State vs. Spratt, Ib. 247.

By an application of the foregoing rule to the indictment in this case, it will be found to be defective. The indictment charges that the defendants did "unlawfully, riotously and maliciously assemble themselves together, with the intent to commit an assault." But what was the character of that assault, in the intention of the defendants, at the time of assembling, is not stated. The statute however declares that it must be in the mind or contemplation of the defendants, not only to do an unlawful act, but to do such act *"with force or violence."* If those latter words had been inserted in the indictment, after the word *assault*, the indictment would have been good; without them we are of opinion it is bad, and the court erred in not sustaining the motion in arrest of judgment.

The other members of the court concurring herein, the judgment of the circuit court is reversed.