STATE OF MISSOURI, Respondent, *v.* J. T. HARRIS *et al.*, Appellants.

*Crimes—Felonious Assault.*—In an indictment for a felonious assault under sec. 35, p. 565, R. C. 1855, the omission to state in the indictment that the assault was made *on purpose,* and of *malice aforethought,* is a fatal defect for which the judgment should be arrested.

*· Appeal from Laclede Circuit Court.*

*H. C. Ewing*, for plaintiffs in error.

*Welch*, Attorney General, for defendant in error.

BAY, Judge, delivered the opinion of the court.

Appellants were indicted at the October term, 1859, of the Laclede Circuit Court, for a felonious assault upon one Martin M. Nulty ; Harris as principal in the first, and the other defendants as principals in the second degree.

The indictment contains two counts, both drawn under sec. 35, art. 2, of the act relating to crimes and punishments, which reads as follows :

" Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death, or great bodily harm, with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony, or in resisting the execution of legal process, shall be punished by confinement in the penitentiary not exceeding ten years."

The first count charges the assault to have been committed unlawfully and feloniously, and with an intent to kill ; the second count is in the same language, except that it charges the assault to have been committed with an intent to wound, maim, disfigure, &c. ; but in neither count is it alleged that it was committed on purpose and of malice aforethought, the omission of which words was held by this court in a case precisely like this, and under the same statute, to be fatal to the indictment. (State v. Comfort, 5 Mo. 357.)

The motion in arrest should have been sustained.

The other judges concurring, the judgment will be reversed.