State of Missouri v. Seward.

———————•———————

STATE OF MISSOURI, Appellant, *v.* MINOR SEWARD, Respondent.

1. *Assault to Kill — Indictment — Averments — Construction of Statute.*—An indictment alleging that defendant, "feloniously, on purpose, and willfully," etc., "did then and there make an assault with the intent him, the said," etc., "then and there to kill," etc., but omitting to charge that the offense was committed "with malice aforethought," would be fatally defective under section 29, chapter 200, Gen. Stat. 1865, but is good and sufficient within the terms and meaning of section 32 of the same chapter. That the prosecutor used some of the terms embodied in section 29, such as "on purpose, and with a deadly weapon," is not to be regarded as absolutely conclusive that the indictment can be founded on that section only. These words may be treated as mere surplusage, and there will still remain a complete and sufficient description of an offense as designated in section 32.

State of Missouri v. Seward.

## *Appeal from Andrew Circuit Court.*

This is a case where defendant was indicted, at the October term, 1866, of the Andrew county Circuit Court, for an assault with intent to kill. At the April term, 1867, of said court, he filed his motion to quash the indictment, and the same was sustained. The State then took the case to the Fifth District Court, where the ruling of the Circuit Court for Andrew county was affirmed; and the case is now brought to this court by appeal.

*J. C. Parker*, for appellant.

I. It is not necessary that an indictment for an assault with intent to kill, under § 32, pp. 780–81, Gen. Stat. 1865, should aver that the offense was committed "of malice aforethought." (State v. Johnston, 4 Mo. 618; State v. Thompson, 30 Mo. 470; State v. Stewart, 29 Mo. 419; State v. York, 22 Mo. 462; Jennings v. State, 9 Mo. 862; State v. McGrath *et al.*, 19 Mo. 678.)

*Vories & Vories*, for respondent.

I. The indictment is clearly founded on section 29, chapter 200, Gen. Stat. 1865, and, failing to use the descriptive words, "with malice aforethought," is clearly bad. (State v. Comfort, 5 Mo. 357; Humphries v. State, 5 Mo. 203; State v. Harris, 34 Mo. 347.)

II. Section 32 is designed to punish offenses not before defined or provided for; and plainly this indictment attempted to describe an offense provided for in section 29, but described the offense imperfectly.

WAGNER, Judge, delivered the opinion of the court.

The sole question in this case is whether the court committed error in sustaining the demurrer to the indictment. The indictment contains but one count, and alleges that the defendant, with force and arms, upon the body of one Edward Carter, then and there being, feloniously, on purpose, and willfully, with a deadly weapon to-wit: a double-barreled shot gun, loaded with gun-

powder and leaden balls, which he, the said Minor Seward, then and there had and held, did then and there make an assault, with the intent him, the said Edward Carter, then and there to kill, contrary, etc. The objection stated in the demurrer, upon which the court held the indictment bad, was, that it did not charge that the offense was committed on purpose and with malice aforethought. The decision of the court below was made on the hypothesis that the indictment was framed on the twenty-ninth section of chapter two hundred of the General Statutes, and that it could not be applied to the thirty-second section of the same chapter. The omission to state that the act was done with malice aforethought would be a fatal defect within the meaning of the twenty-ninth section, as has been repeatedly held by the decisions of this court. (State v. Comfort, 5 Mo. 357 ; State v. Harris et al., 34 Mo. 347.)

But the next question is, whether the indictment does not sufficiently set out an offense under the thirty-second section. It is immaterial what section was in the mind of the pleader when the indictment was drawn, or on what particular section he intended to base it, provided that a sufficient description is set out as to any offense created or recognized by the statutes.

The thirty-second section provides that every person who shall be convicted of an assault with intent to kill, or to commit any robbery, rape, burglary, manslaughter, or other felony, the punishment for which assault is not previously prescribed, shall be punished by imprisonment in the penitentiary not exceeding five years, or the county jail not less than six months, or by both fine and imprisonment. The punishment for the offense set forth in the indictment is not before prescribed, for there is no offense described according to the twenty-ninth section; but the indictment is good and sufficient within the terms and meaning of the thirty-second section. That the prosecutor used some of the terms embodied in the twenty-ninth section, such as " on purpose, and with a deadly weapon," is not to be regarded as absolutely conclusive that it can be founded on that section only and can be applied to no other. These words may be wholly stricken out and taken to be mere surplusage, and there will still remain a

complete and sufficient description of an offense as designated in the thirty-second section.

We think the court erred in sustaining the demurrer, and the judgment will be reversed and the cause remanded. The other judges concur.