## LITTLETON MORRISON v. THE STATE.

1. CRIMINAL PROCEDURE.—*Held*, that there is no authority to inquire whether an indictment was based on sufficient proof, or to inquire into the form of the oath administered, or by whom administered.
2. CHARGE OF COURT—CONFESSIONS.—Confessions should be left to the jury, to be considered as other evidence ; and a charge upon the weight of such evidence, " that voluntary confessions are to be regarded as the strongest proofs of the law :" *Held*, to be error.

APPEAL from Wharton.   Tried below before the Hon. Wm. H. Burkhart.

Morrison was indicted for theft of a hog of the value of twenty dollars, the property of Ira Saunders.

The defendant interposed a special plea that the court had no jurisdiction to try the cause ; that the charge was not in law an indictment, having been found without evidence; the witnesses before the grand jury having been sworn only by the foreman, whose authority to administer an oath is restricted by law to the oath of secrecy.

The plea, on exception by the District Attorney, was stricken out.

On the trial the State proved that the accused was overtaken at night, the moon shining, dragging two hogs, which he said he.had killed, and he said "he thought the hog belonged to Mr. Hall or Mr. Lawson."   Ownership and value was proved as alleged.

. Catharine Johnson, for defendant, proved that she had some hogs, and told defendant to hunt them up for witness, and to kill them if necessary, describing one of her hogs as like that of Saunders.   The same facts were testified to by Margaret Morrison.

The judge charged the jury : " That the voluntary confessions of a defendant are evidence against him, and are to be regarded as the strongest proof in the law;  and if you believe that the defendant stated, when found with the hogs,

that he thought they belonged to Whitten or Lawson or Hall, then you cannot suppose that he thought the hog belonged to Catharine Johnson."

Verdict of *guilty* was returned, and the punishment fixed at two years' confinement in the penitentiary.

Judgment was entered upon the verdict, motion for new trial was overruled, and the defendant appealed.

*Peticolas & King*, for appellant.

*George Clark, Attorney General*, for the State, confessed error.

Reeves, Associate Justice.—The grounds upon which appellant seeks to reverse the judgment against him are presented in his motion for a new trial.

1. Because the court erred in striking out defendant's special plea setting up the want of jurisdiction.

This plea sets up that at the time the indictment was found the witnesses who appeared against him testified in the grand jury room, without having the oath prescribed by law administered to them by any one authorized by law to administer oaths; that the oath was administered by the foreman of the grand jury, and that he had no legal authority to swear a witness generally, but only to administer the oath of secrecy. (Code of Procedure, article 2850.) In support of the plea, we are referred to art. 2951 of the code: "The only special pleas which can be heard for the defendant are—1. That he has been before convicted legally in a court of competent jurisdiction upon the same accusation, after having been tried upon the merits for the same offense; 2. That he has been before acquitted by a jury of the accusation against him in a court of competent jurisdiction, whether the acquittal was regular or irregular; 3. That the court before whom he is prosecuted has no jurisdiction to try the cause.

The last ground is the one on which the plea is based, and which was stricken out by the court on exception thereto by the District Attorney. Conceding that the plea is true, can it be made available as a defense to the indictment? We think not.

The Constitution provides that no person shall be held to answer for any criminal charge but on indictment or information, except in certain cases, but does not prescribe the requisites of either, or the evidence on which it shall be found. They must be sought elsewhere. The pleadings on the part of the State and of the defendant rest on the same authority. If, then, the subject-matter of the plea can avail as a ground of defense to the indictment, the authority for it must be derived from the rules of procedure as found in the Criminal Code. The code provides for the organization of a grand jury, and prescribes rules respecting the proper discharge of their duties, and among others, to inquire into all offenses liable to indictment of which any of the members may have knowledge or of which they shall be informed by the District Attorney or any other credible person. It is further provided that the witnesses shall first be sworn by the foreman to keep secret all proceedings which may be had in their presence. Art. 2863 contains the rules for testing the sufficiency of an indictment. Arts. 2949 to 2955, the pleadings on the part of the defendant. The matter set up by the defendant's special plea is not made a cause for exception or plea in the summary of pleadings contained in these articles, and they seem to be the only causes for an exception or a plea allowed by the code.

These causes being, by express enactment, exclusive of all others, we must hold that there is no authority to inquire whether the indictment was based on sufficient.proof to justify its finding by the grand jury, or to inquire as to the form of the oath administered to the witness, or by whom administered. The inquiry on such questions, if

allowed, would lead to others of a kindred nature, which it might be contended should not be excluded if the former should be admitted. For an example: it might be contended on the trial that the witnesses before the grand jury were not qualified to testify for other causes, such as the mode of examination or the relevancy of the evidence; and in that way the grand jury room might be opened to investigations only proper for a public trial, and the privacy essential to the deliberations of the grand jury, as now constituted and enjoined by law, would cease to be respected.

In the case of the State of New Jersey v. Dayton, the defendant had been indicted for perjury. A motion was made to quash the indictment for defects on its face; and because the grand jury found the indictment without any legal or competent evidence of the fact of taking the oath upon which the perjury was assigned, the court said: "That an indictment found by the grand jury upon illegal evidence, or without legal evidence, cannot be taken advantage of by the defendant on a motion to quash by plea in abatement or in any other way," remarking "that the office of the grand jury was not to try or convict the defendant, but merely to authorize the accusation upon which he may be put upon trial." (State v. Dayton, 3 Zabriskie, 49, 56; Spratt v. The State, 8 Mo., 247; 1 Bishop's Cr. Pro., 872.)

The plea asserts, in substance and effect, that the indictment is invalid because it was found on the evidence of a witness incompetent to testify for the want of the proper oath, and as a sequence that it would not be a valid prosecution, although the truth of the charge might be shown by competent evidence on the trial which was not before the grand jury. We think the position is untenable, and that the court did not err in sustaining the exceptions to the plea.

The second ground of the motion for a new trial is: "The court erred in charging the jury that the voluntary confessions of a defendant are evidence against him, and are to

be regarded as the strongest proofs in the law." In this connection the court further charged the jury, "And if you believe that the defendant stated, when found with the hogs, that he thought they belonged to Whitten or Lawson, or Hall or Lawson, then you cannot suppose that he thought the hog belonged to Catharine Johnson;" and which was made one of the grounds of the motion for a new trial. We are of the opinion that the charge of the court here complained of is erroneous.

When it is said that deliberate or voluntary confessions of guilt are among the most effectual proofs in the law, it is to be regarded as persuasive, rather than any authoritative rule of law. Confessions being proved like other facts, are received in evidence under certain prescribed rules, and the credit to be given to them is to be estimated and weighed by the jury under the circumstances of the case. (Crim. Proced., arts. 3126, 3127.)

The charge of the court is objectionable as expressing an opinion on the weight of the evidence, (Crim. Proced., art. 3059,) and the jury should have been left free to judge of the facts, and to draw their own conclusions from them, under a charge setting forth the law applicable to the case, without any expression of opinion on the facts or the weight of the evidence. (Arts. 3058, 3108.)

For error in the charge of the court, the judgment is reversed.

REVERSED AND REMANDED.