## JOHN HASKEW *v.* THE STATE.

CHARGE OF THE COURT. — In a trial for unlawfully carrying a pistol, the
evidence for the State consisted in the testimony of two witnesses, to the
effect that they saw on the defendant "what they took to be the handle
of a pistol." Two witnesses for the defence testified that they saw nothing
of the kind, and that, their opportunities being as good as those of any
one, they would have been likely to see it if upon the defendant. The
court instructed the jury, in effect, that, with equal opportunities, the
testimony of an affirmative witness was preferable to that of one who
failed to observe the fact in question. *Held,* that the instruction was on
the weight of evidence; and, being excepted to at the time, was material
error in view of the state of the proof.

APPEAL from the County Court of Johnson. Tried be-
low before the Hon. H. W. BARCLAY, County Judge.

The opinion clearly states the case.

No brief for the appellant. .

*Thomas Ball,* Assistant Attorney-General, for the State.

CLARK, J. The character of the evidence as disclosed
by the statement of facts in the record made it of peculiar

importance that the court, in its charge, should adhere strictly to established statutory principles. Two witnesses for the State have testified to the effect that, at the time charged in the indictment, they saw what they took to be the handle of a pistol on the person of appellant. Neither of them testified positively to the fact that it was a pistol. Appellant introduced two other witnesses, who seem from the record to have been in close proximity to him at the time of the difficulty, and they testified that they saw nothing upon the person of appellant resembling a pistol, or the handle thereof; and both were of opinion that, had appellant had a pistol on his person at the time, it could hardly have escaped their observation.

The court instructed the jury, among other things, that "the testimony of a witness who swears positively to a fact is to be taken in preference to the testimony of one who cannot so testify, though having the same opportunity of knowing." This charge, being excepted to at the time as upon the weight of evidence, and assigned as error, requires a reversal of the judgment. Pasc. Dig., arts. 3059, 3067; *Morrison* v. *The State*, 41 Texas, 516; *Bishop* v. *The State*, 43 Texas, 390; *Rice* v. *The State*, 3 Texas Ct. App. 451.

No objection is perceived to the indictment, and the County Court of Johnson County had jurisdiction of the offence charged. *Woodward* v. *The State*, 5 Texas Ct. App. 296; *Leatherwood* v. *The State*, 6 Texas Ct. App. 244.

The other errors assigned are not likely to arise on another trial. For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*