## JOSEPH B. MULDREW v. THE STATE.

1. THEFT — INDICTMENT. — That the taking was fraudulent is, under our Code, an averment necessary to the sufficiency of an indictment for theft. That the taking "was with the fraudulent intent to appropriate the same to the use and benefit of him, the said M.," etc., will not supply the omission.

2. SAME — PLEADING. — Every offense in this State is a statutory offense, and each and every element composing the same is named in the statute creating the offense; and it follows that the rules governing indictments are those which apply to statutory offenses. See the opinion *in extenso* for a discussion of the principle.

APPEAL from the District Court of Milam. Tried below before the Hon. W. E. COLLARD.

The conviction in this case was for the theft of a heifer, and the punishment awarded was three years in the penitentiary. This same appellant was convicted in two other cases for similar offenses and upon similar indictments. The judgments were reversed on appeal, and the prosecutions dismissed for the reasons assigned in the present case.

*McGregor & Lott*, for the appellant.

*C. Edmondson*, for the State.

HURT, J. The indictment omits to charge that the taking was fraudulent, but alleges the intent to have been "with the fraudulent intent to appropriate the same to the use and benefit of him, the said Joseph Muldrew."

Theft under our Code is the fraudulent taking of property, etc. The adjective should be applied to and made to describe the taking. We are aware that in *Musquez* v. *State*, 41 Texas, 226, Gould, J., held that an indictment which charged that the defendant did feloniously steal was equivalent to a charge that the defendant fraudulently took the property. The reason given in that case

for this holding, condensed, is this: It is not perceived that our statute, in using the word fraudulent, introduced any new element into the common law crime of larceny; and it is believed that the form of indictment used at common law sufficiently charges that the taking was fraudulent.

Every offense in this State being a statutory offense, and each and every element composing the same being named in the statute creating the offense, the rules governing indictments are those which apply to statutory offenses. What, then, are the rules by which an indictment for a statutory offense is tested? Mr. Bishop, in his work on Criminal Procedure, vol. 1, sec. 611 *et seq.*, states the rules. He says that "where a statute defines the offense which it creates, it is ordinarily adequate, while nothing less will in any instance suffice, to charge the defendant with all the acts within the statutory definition, substantially in the words of the statute without further expansion. Practically the judicious pleader will always reproduce in allegation the exact words of the statute; for thus all question will be avoided, and just the proof which the law demands, and no more, will be called for by the indictment. Still, not always are the precise words absolutely necessary The terms employed in our courts to indicate the degree of closeness to the words of the statute necessary in an indictment are not uniform. But, if we consider the language of the judges, the reasons on which the law is based, and the actual course of adjudication, the result to which we shall arrive is, that the indictment must employ so many of the substantial words of the statute as will enable the court to see on what one it is framed; and, beyond this, it must use all the other words which are essential to a complete description of the offense; or, if the pleader chooses, words which are their equivalents in meaning; or, if again he chooses, words which are more than their equivalents,

provided they include the full significations of the statutory words; not otherwise."

The principles enunciated in the above rules make the following question one of importance in this case: Does "feloniously" steal have the same import as fraudulently? Missouri had a statute which read as follows: "Every person who shall *on purpose* and of malice aforethought, shoot at or stab another," etc. The indictment in Comfort's case charged that the prisoner *feloniously, unlawfully* and of his malice aforethought did shoot," etc. (Italics ours.) The question presented in that case was whether the words feloniously and unlawfully are of the same import as *on purpose.* The court held that they were not. *State* v *Comfort,* 5 Mo. 357; 34 Mo. 347; 1 Chitty's Crim. Law. 282. We are of the opinion that the ruling in that case was correct.

But, coming back to the Musquez case, the word feloniously was there used, and, as that was the word used in a common law indictment for larceny, the learned judge held that it was equivalent to fraudulently. This indictment, however, does not use this word; hence the case of Musquez does not support it.

We are of the opinion that the indictment is not sufficient, and the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*