K. NEWMAN *v.* THE STATE.

1. RETAILING.  *Identity of offense.  Second indictment.  Former jeopardy.*

An indictment for unlawfully selling liquors need not allege any particular sale,  Protection against subsequent jeopardy for the same offense is secured by requiring the state to elect and confine its evidence to one sale, and by allowing the accused, if again tried on a similar indictment, to show, by extrinsic evidence, acquittal or conviction for that sale.

2. SAME.  *Identity of offense.  Testimony of grand jurors.*

On a trial for unlawful retailing, the indictment not alleging any particular sale, members of the grand jury are not competent to testify that the sale sought to be proved by the state is, or is not the one inquired of by the grand jury, and on which the indictment was presented.

FROM the circuit court of the second district of Panola county. HON. EUGENE JOHNSON, Judge.

Appellant was indicted for unlawfully selling intoxicating liquors. The indictment is in the usual form, and alleged that appellant "on the tenth of October, A.D. 1893, did unlawfully sell vinous, spirituous and intoxicating liquors in less quantities than one gallon, without having obtained a license," etc.

On the trial the state directed its evidence to a sale alleged to have been made at a certain barber shop. The accused then introduced two members of the grand jury which returned the indictment, who testified that the evidence before that body, upon which the indictment was found, was furnished by certain witnesses whose names alone were noted on the back of the indictment, and that their testimony related exclusively to a sale alleged to have been made at a camp where staves were being made. They further testified that the alleged sale at the barber shop was inquired into, and that the grand jury refused to indict for that, but referred the matter to the next grand jury for further investigation. On the motion of the state, this testimony was excluded, and this action of the court presents the only question of law in the case.

Accused was convicted, and appeals.

*Stone & Lowrey,* for appellant.

1. The evidence is wholly insufficient to uphold the conviction.

2. Appellant was indicted for one offense and convicted of another. We have no statute which dispenses with the necessity of identifying the offense in the indictment, where the sale of whisky is the subject of punishment. If there were, it would be unconstitutional. Since the indictment does not specify the person sold to or the place, time becomes of the essence of the offense. If the indictment does not in some way identify the offense, its function is entirely gone. 24 Miss., 590; 69 *Ib.*, 395. The testimony of the two grand jurors should

not have been excluded. It showed that accused had been tried for an offense for which he had never been indicted. 67 Miss., 333; 55 *Ib.*, 528.

*Frank Johnston,* attorney-general, for the state.

Grand jurors cannot testify as to the character of the evidence upon which an indictment was found (*Smith* v. *State,* 61 Miss., 754); nor that the offense proved is not identical with that to which the evidence before the grand jury pointed. 1 Bish. Crim. Pro., § 872; *Spratt* v. *State,* 8 Mo., 247.

The offense in question is capable of a number of repetitions. On an indictment for unlawful retailing, accused may be convicted of any one sale made within two years prior to the indictment. *King* v. *State,* 66 Miss., 502. It is only necessary that the state elect on the trial, and confine its evidence to one sale.

WOODS, J., delivered the opinion of the court.

The action of the court below in excluding the evidence of the defendant's witnesses, Flint and Armstrong, members of the grand jury which returned the indictment in this case, and in refusing the instructions pointing to that evidence, was correct. The offense charged was a sale of liquors unlawfully to anyone, and not a sale to one particular person, and the case was made out by satisfactory proof of any sale within two years before the date of the finding of the indictment, and within the county named. Whether the sale was made to one person or another is wholly immaterial. The offense is in its character capable of endless repetition, and, as the statute is designed to prevent any unlawful sale, the state is not confined, under the indictment, to any particular case. The defendant's safety from two prosecutions for one particular offense is assured by confining the state, in its evidence, to such single sale as counsel may elect, and by permitting the accused to show by evidence *aliunde* the record that he has once been acquitted or convicted of having made that unlawful sale.

There is much authority, moreover, in cases like this, for holding that a grand juror may not be called to give evidence as to the character of the testimony taken before the grand jury, for the purpose of identifying, or disproving the identity of, the case on trial with that on which the grand jury has acted. The reason for the holding is that, in such cases, the accused may have committed the offense many times—the offense of unlawfully selling to anyone—and the proving of any one selling, in the county and within the limited time, is sufficient, as it may have been sufficient before the grand jury in its action, the offense created by the statute being an unlawful sale to anyone, and not to some particular person. See Bish. Cr. Pro., 1, § 872; *Spratt* v. *State*, 8 Mo., 247; *State* v. *Boyd*, 2 Heis. Rep., 288; *State* v. *Fowler*, 52 Iowa, 103. See, also, *Rocco* v. *State*, 37 Miss., 357; *Smith* v. *State*, 61 *Ib.*, 754; *King* v. *State*, 66 *Ib.*, 502; *Bailey* v. *State*, 67 *Ib.*, 333; *Naul* v. *Mc-Comb City*, 70 *Ib.*, 699.

We agree with the counsel for appellant that the evidence offered by the state is insufficient to warrant a conviction. Just at the point where a sale was made, if there was one, the state's evidence fails. Grant all that the state's evidence proves, and yet it may be that the person sent to buy the liquor did not, in fact, buy from the accused, or, indeed, buy at all. At most, the evidence raises a suspicion that there was a sale by defendant.

*Reversed.*