A. B. Celey v. The State.

No. 13784.   Delivered November 26, 1930.
Reported in 32 S. W. (2d) 1108.

The opinion states the case.

*Alton M. Reeder* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for robbery; punishment, ten years in the penitentiary.

When all the evidence was in appellant asked a written instruction be given the jury to return a verdict of not guilty because there was no legal evidence upon which to convict. The charge was refused. In our opinion this was error.

Upon grant of immunity to one Thorpe, a self-confessed participant in the alleged robbery, he was used as a witness for the State and made out a complete case against appellant. On the question of the necessary corroboration we find that Mr. Wilmering, the party who was robbed, said he was held up about midnight by a man with a pistol. He could identify neither the man nor the pistol. He said he was struck on the head, and that he had no idea what he was struck with; that over $400.00 in money was taken from his person, but he did not know who got it, and had never seen any of it since. Witness Jennings swore the pistol shown him while on the witness stand was gotten by him from accomplice Thorpe. Allen Johnson said he went with Thorpe to Umbarger Creek and raked out of a hole of water certain pants, a jumper and some strips of rubber; that the jumper had some paint on it. This is the State's case, aside from the testimony of Thorpe.

Thorpe said the pants and jumper found in the water hole belonged to appellant, and that the rubber strips found at the same place was part of the blackjack used by appellant in his assault on

Wilmering. An accomplice cannot corroborate himself. He can not produce a pistol, swear it was the one used by the accused, and expect this, standing alone, to amount to corroboration. He can not produce a pair of yellow pants, or hide them and let some one else find them, nor a blue jumper which he leads a man to, and assert that such facts, depending for their connection with the accused solely on the word of the accomplice, afford corroboration.

Some other person than Thorpe must identify the gun, the pants, the rubber strips and the jumper as being the property of the accused,—or show that the accused was in some way connected therewith, before such facts can be held to corroborate such accomplice. The subject is discussed in Reeves v. State, 98 Texas Crim. Rep. 64.

The evidence being wholly insufficient to show any corroboration of the accomplice, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

HAWKINS, J., absent.