**Rex D. NELSON, Defendant-Appellant,**

v.

**STATE of Missouri,
Plaintiff-Respondent.**

**No. WD 31126.**

Missouri Court of Appeals,
Western District.

Dec. 30, 1980.

Motion for Rehearing and/or Transfer
Denied Feb. 2, 1981.

Application to Transfer Denied
March 9, 1981.

Joe F. Willerth, Independence, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for plaintiff-respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER, DIXON, PRITCHARD, SWOFFORD, SOMERVILLE and MANFORD, JJ.

WASSERSTROM, Chief Judge.

Defendant was convicted after a trial by jury in March 1975 of assault with intent to kill with malice aforethought. In 1978, he filed the present motion under Rule 27.26 to set aside the conviction. From a judgment overruling that motion, he appeals. We affirm.

■ For his first point, defendant contends that he was denied effective assistance of counsel in that his trial attorney failed to challenge the jury which had been selected in a manner discriminatory against women and therefore violative of the United States Constitution. This point is disallowed on the basis of *Benson v. State*, 611 S.W.2d 538, decided concurrently herewith.

■ For his second point, defendant contends that the information here was fatally defective. Defendant was tried under former Section 559.180 (repealed by the Criminal Code, Laws 1977) which provided for punishment of every person who "on purpose and of malice aforethought" assaulted another with a deadly weapon. The information under which defendant was tried alleged that he did "wilfully * * * make an assault upon Clay Richardson * * * with his hands and feet and glass bottle * * * with the felonious intent with malice aforethought then and there to do great bodily harm to the said Clay Richardson." Defendant argues that the information is defective in that it omits the statutory language "on purpose."

The day has long since passed when our courts held to the extremely technical requirements of common law indictments and informations, and an information is no longer to be held insufficient for failure to use the exact words of the statute if words of similar import are employed. *State v. Garrett*, 595 S.W.2d 422, 432 (Mo.App.1980), and cases there cited. It has been specifically held that the omission of the usual averment "on purpose" does not vitiate the information where words of similar import such as "willfully" are used. *State v. Harley*, 543 S.W.2d 288 (Mo.App.1976). The present information does charge that defendant acted willfully, with felonious intent, and with malice aforethought. That suffices.

*State v. Harris*, 34 Mo. 347 (1864), upon which defendant relies, even though of ancient vintage and decided in a different climate of judicial philosophy, is neverthe-

less not to the contrary. In that case an indictment contained two counts of assault. The Supreme Court pointed out that neither count charged the assault was committed "on purpose and of malice aforethought" and held the omission to be fatal. The present case is distinguishable in that the indictment here does allege that the assault was with malice aforethought.

■ For his third and final point, defendant contends that his motion should have been granted because of newly discovered evidence. The evidence in question was testimony by a fellow inmate in the state penitentiary to the effect that he had witnessed the assault episode and that defendant had not been a participant.

With respect to this contention of error, it is sufficient to point out that a post conviction proceeding under Rule 27.26 is not the proper vehicle for relief on the basis of newly discovered evidence. *Westmoreland v. State*, 594 S.W.2d 596 (Mo.banc 1980); *Turnbough v. State*, 574 S.W.2d 400 (Mo.banc 1978).

Affirmed.

All concur.