THE STATE, Respondent, v. HAYS, Appellant.

1. Where after four several continuances granted to the same party, another application was made in his behalf on the ground of the absence of material witnesses, the accompanying affidavit stating generally that due diligence had been used to secure their attendance, and that one witness was sick and unable to attend, yet not showing in what the alleged diligence consisted; *held*, under the circumstances, that the application was properly refused.

*Appeal from Polk Circuit Court.*

*F. P. Wright*, for appellant.

The only question presented is, whether the court exercised its discretion soundly in refusing the continuance. A continuance should have been granted; continuances may be granted in criminal cases for like causes and under like circumstances as in civil cases. (R. C. 1192, sec. 19.) The refusal to grant a continuance to a party showing good and sufficient cause for it has uniformly been considered by this court as a sufficient ground for reversal. (State v. Mackey, 12 Mo. 492; McLane v. Homes, 1 Mo. 501; Riggs v. Fenton, 3 Mo. 21; Moore & Porter v. McCulloch, 6 Mo. 444; Tunstall v. Hamilton, 8 Mo. 500; Dame v. Broadwater, 8 Mo. 18.) Defendant, in this case, used all possible diligence.

*Ewing*, (attorney general,) for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted at the April term of the Cedar Circuit Court, in the year 1853, for disturbing the peace of the family of Elizabeth Humbard in the night time. The cause was continued at the October term of the court, in the same year. At the April term of said court, in the year 1854, the cause was continued on the application of the defendant. At the October term of the court, in 1854, the defendant applied for and obtained a change of venue from Cedar county to Polk county. At the April term of the Circuit Court for Polk coun-

ty, in the year 1855, the defendant applied for and obtained a continuance of the cause. At the October term of the court, in the same year, the defendant again applied for and obtained a continuance of the cause. At the April term, 1856, he again applied for and obtained a continuance of the cause ; and at the October term, 1856, of the Polk Circuit Court, the defendant applied for a continuance of the cause, and filed in support of his application, an affidavit ; the court overruled this application ; the defendant excepted. He was tried and convicted, and fined forty-five dollars. He moved for a new trial, which being denied him, he brings the case here by appeal, and relies upon the refusal of the Circuit Court to continue the cause at the October term, 1856, as the sole ground for reversing the judgment of the court below. The affidavit for the continuance is as follows : " The defendant states that he can not safely go into trial of this cause at this term of the court, on account of the absence of material witnesses in this cause. Defendant says that he has used due diligence to have said witnesses present, and they have been duly subpœnaed and are not in attendance ; one of said witnesses, to-wit, Maria Hicks, is sick, as this affiant is informed and believes, and is unable to attend in consequence, and defendant did not know this till yesterday morning ; that he expects to prove by said witnesses that he did not disturb the peace of the family as charged against him ; that he knows of no other person present by whom he can prove the same facts ; that this application is not made for the purpose of delay, but for the purpose of obtaining said testimony ; and that said witnesses are not absent by his consent or connivance, and he thinks he can have their testimony at the next term of this court, if a continuance is granted."

We think the court decided properly in refusing to grant this continuance. This defendant had been putting this case off from time to time for years. He would continue it, and then at the next term apply for a change of venue, which again continued the trial, and after the change of venue to Polk Circuit Court, he had three continuances from April term, 1855, up to

October term, 1856 ; and then makes his affidavit stating that he had " used due diligence" to have the witnesses present, without showing in what that diligence consisted. He omitted to show when the subpœna was issued; when served; how far distant from the court-house the witnesses resided. He omits to show any diligence or to make out any sufficient or reasonable ground to continue. He does not state that he is unable to prove the facts he expects to prove by the absent witnesses by any other persons ; but cautiously says that " he knows of no other *persons present* by whom he can prove the same facts," yet there may be others who knew equally as well as his absent witnesses, and whose attendance at court might easily be had by proper caution and diligence. This affidavit was not sufficient to justify the expectation of a continuance in any case, much less in one where the court could reasonably entertain a doubt of the desire or wish for trial on the part of the affiant.

The Circuit Court very properly refused to continue this case at October term, 1855 ; and this being the principal cause of complaint, the judgment below is affirmed ; the other judges concurring.