THE STATE, Appellant, v. CHANDLER, Respondent.

1. An indictment founded on section 34 of article 2 of the act concerning Crimes and Punishments (R. C. 1845, p. 350), charging an assault with a loaded gun, with intent to kill, will not be rendered defective by an omission to state therein the manner of the assault or the mode in which the gun was used, or attempted to be used.

*Appeal from*        *Circuit Court.*

*Ewing*, (attorney general,) for the State, cited R. C. 1845, p. 350, sec. 34 ; 1 Hawk. 62, § 1 ; 2 Wash. C. C. 435 ; State v. Smith, 2 Humph. 457 ; 11 N. H. 271 ; 1 Green (Iowa) 418 ; United States v. Bachelder, 2 Gall. 18 ; 3 Gilman, 76 ; 3 Chitty C. L. 788, 826 ; 4 Hill, 135 ; 2 Va. Cas. 402 ; 11 Ohio, 282 ; 6 Ala. 664 ; 18 Ala. 535.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted in the Circuit Court of Dunklin county, at the September term, in the year eighteen hundred and fifty-five, for an assault with intent to kill one Samuel Moore. The defendant appeared to the indictment and moved the court to quash it. The motion was sustained; the indictment quashed; the circuit attorney excepted, and brings the case here by appeal.

The indictment is as follows : " The grand jury of the State of Missouri, impannelled and sworn to inquire in and for the body of the county of Dunklin, upon their oath do present, that Lewis Chandler, late of the county of Dunklin, in the State of Missouri, on the first day of October, A. D. one thousand eight hundred and fifty-five, with force and arms, at the county of Dunklin, and state aforesaid, upon the body of one Samuel Moore, then and there being, feloniously, on purpose, and of his malice aforethought, with a deadly weapon, to-wit, a gun, which he, the said Lewis Chandler, in both his hands then and there had and held, which gun was then and there loaded with gunpowder and a leaden ball, did then and there make an assault, with the intent him, the said Samuel Moore, then and there to kill, against the peace and dignity of the State of Missouri." The reasons assigned in the motion to quash are, " because it is not alleged in what manner the assault was made, or the deadly weapon—the gun—was used, or attempted to be used ; whether by beating or shooting, or in fact in any way or mode."

This indictment is almost a literal copy from a form in 3 Chit. C. L. p. 828. It is substantially good. The mode of making the assault would appear not to be necessary to be set forth. It is a matter of proof. In the opinion of this court, the particular manner in which the assault was made need not be pointed out in the indictment. Sec. 34 of art. 2 of the act concerning Crimes and Punishments, (R. C. 1845, p. 350,) under which this indictment was found, declares that " every person who shall on

purpose, and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, &c., with intent to kill, &c., shall be punished," &c. The indictment, in substance, charges that Chandler, feloniously, on purpose, and of his malice aforethought, made an assault upon the body of one Samuel Moore, with a deadly weapon, to-wit, a gun held in both hands, and loaded with powder and ball, with intent to kill him. This is sufficient.

The Circuit Court erred in quashing the indictment. Its judgment must be reversed, and the cause remanded; the other judges concurring.