## THE STATE v. PHELAN, APPELLANT.

**Crime**: SHOOTING AT A PERSON, INDICTMENT FOR. An indictment for shooting at a person is good, if it charges the offense in the language of the statute (Wag. Stat. 449, ¿ 29). It need not allege an assault.

*Appeal from Stoddard Circuit Court.*—HON. R. P. OWEN, Judge.

*S. M. Chapman*, for appellant, cited Const. U. S. 6th amendment; Const. Mo. § 18 of Bill of Rights; Bishop's Stat. Crimes §§ 370, 374; 1 Bishop Crim. Proceed. (2 Ed.) §§ 77, 78, 593 *et seq; State v. Stubblefield*, 32 Mo. 563 ; *Beasley v. State*, 18 Ala. 535; *Commonwealth v. Stout*, 7 B. Monroe 247; 1 Bishop Crim. Proceed. (2 Ed.) § 598 and note; *Bryan v. State*, 45 Ala. 86; *State v. Comfort*, 5 Mo. 357; *State v. Harris*, 34 Mo. 347; *State v. Vaughan*, 26 Mo. 29; *State v. Chandler*, 24 Mo. 371; Wag. Stat. 445 § 1, 449

§ 32; *Lester v. State* 9 Mo. 658; *State v. Johnston*, 11 Tex. 22; *Trexler v. State*, 19 Ala. 21: *Rex v. Holt*, 7 C. and P. 518; *Van Valkenberg v. State*, 11 Ohio 405; *Smith v. State*, 12 Ohio St. 469; *Robinson v. Commonweatth*, 16 B. Monroe 609.

*J. L. Smith*, Attorney General, for the State.

The indictment is founded on section 29, page 449, Wagner's Statutes, and the offense charged is shooting at one Peter White. The statute, it will be seen, comprises two classes of offenses : First, shooting at or stabbing another with a deadly weapon, with intent to kill, etc., and second, assaulting or beating another with a deadly weapon, etc. with intent to kill, etc. The word *assault* in the statute refers only to the latter class, and if it is necessary in the indictment, it must be so on common law principles and not because it is embraced in the statutory description of the offense. That it is not necessary seems clear from the authorities. *State v. Comfort*, 5 Mo. 357; *Reed v. State*, 8 Ind. 200; 7 C. and P. 518; 2 Arch. Crim. Prac. and Plead. (7 Ed.) pp. 20, 25, 28 ; 2 Whart. Prec. (3 Ed.) 245; 2 Bish. Crim. Proceed. §§ 643, 644 *et seq.*

NORTON, J.—The only point for consideration in this case is the sufficiency of the indictment. The indictment charges that defendant, on &c., at &c., " wilfully, feloniously, on purpose, and of his malice aforethought, unlawfully did shoot at one Peter White, with a pistol, which said pistol was then and there a deadly weapon, and loaded and charged with gunpowder and leaden bullets, with intent then and there the said Peter White wilfully, feloniously, on purpose and of his malice aforethought to kill and murder," &c.

The indictment is framed under sec. 29, 1 Wag. Stat., 449, which provides " that every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat back another with a deadly weapon,

or by any other means likely to produce death or great bodily harm, with intent to kill," &c., such person " shall be punished by imprisonment in the penitentiary not exceeding ten years."

The only objection urged against the indictment is that it does not allege an assault. We think that this objection is not well taken. The indictment follows not only the form as laid down in 2 Arch. Crim. Prac., sec. 14, but uses the language of the statute defining the offense. No exceptions were taken to the instructions, nor do we perceive any error, either in them or in the record of the case. The judgment will therefore be affirmed, in which the other judges concur. AFFIRMED.