The State v. Little, *Appellant*.

1. **Indictment for Assault to Commit a Rape.** An indictment under section 32, 1 Wag. Stat., p. 449, which charges that defendant made a felonious assault upon a woman with intent to commit a rape in and upon her, and to carnally know her by force and against her will, is not defective because the precise words of the statute, "forcibly ravish," are not used.

2. **Instruction.** The giving of an instruction which is not based upon any evidence in the case is a ground for the reversal of the judgment.

*Appeal from Webster Circuit Court.*—Hon. R. W. Fyan, Judge.

*John O'Day* for appellant, cited, as to the sufficiency of the indictment, *Gouglemann v. The People,* 3 Park. Cr. 15; *State v. Scott,* 72 N. C. 461; *Sullivan v. State,* 3 Eng. Rep. 400; *Com. v. Bennet,* 2 Va. Cas. 235; 1 Russell on Crimes, (2 Ed.) 686; Bishop on Stat. Crimes, § 484.

*J. L. Smith,* Attorney-General, for the State, cited *State v. Montgomery,* 63 Mo. 296; *State v. Weber,* 22 Mo. 321; *State v. Braunschweig,* 36 Mo. 397; *State v. Connell,* 49 Mo. 282.

Norton, J.—The defendant was indicted in the circuit court of Webster county, at its March term, 1874, for assault with intent to commit a rape. He was tried, convicted and his punishment assessed at a fine of $100. A reversal of the judgment is sought on the ground that the indictment does not sufficiently charge the offense; that the record does not show an arraignment of the defendant and an entry of his plea "not guilty" before the jury were sworn; that the court erred in refusing and giving instructions; that the verdict is against the evidence. The second count of the indictment, on which the defendant was convicted, is as follows: "And the grand jurors aforesaid, upon their oath aforesaid, do further find, say and present that said James Little, on or about the said 26th day of January, A. D. 1874, at the county of Webster aforesaid, did unlawfully, willfully and feloniously assault Effie J. Evans, a female of the age of eighteen years, with the unlawful, willful and felonious intent to commit a rape in and upon her, the said Effie J. Evans, and to carnally know her by force and against her will, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State." Wag. Stat., § 23, p. 448, makes "the forcibly ravishing any

woman, of the age of twelve years or upwards, a rape,"
and section 32, page 449, declares it to be an offense for any
person to make an assault with intent to commit a rape,
and on this latter section the indictment is founded.

It is argued that the second count is defective in not
using the precise words of the statute, " forcibly ravish."

1. INDICTMENT FOR ASSAULT TO COMMIT A RAPE. If the pleader had used the exact lan-
guage of the statute, the indictment would
have been good, but it does not follow that it is bad because
the identical words were not used, provided words of a like
import were employed. When, therefore, the draftsman
charged the felonious assault to have been made with
the intent to " commit a rape in and upon the person of
Effie J. Evans, and to carnally know her by force and
against her will," we think the statutory offense was fully
embraced.

The only witness on the part of the State was Effie J.
Evans, the prosecutrix, who was twenty-four years of age,

2 INSTRUCTION. and she testified that defendant met her on
the road about half a mile from her home and solicited
sexual intercourse with her, which she refused; that they
walked along the road together some distance, with the
arm of defendant around her neck, and, after some talking
and urging her to consent, defendant threw her down by a
tree-top by the roadside and attempted to ravish her ; that
she resisted and threatened to cry out; that defendant put
his hand on her mouth and told her he would let her up if
she would not tell; that she agreed not to tell, and he left
her; that he tore her dress, but did not expose her person.
This was all the evidence offered on the part of the State.
Several witnesses, on the part of the defendant, testified
that the character of said Effie for virtue and veracity
was bad. One of them testified that he had seen her have
intercourse with another man, and that she told him that
defendant did not hurt her, and that she would have con-
sented to his proposal but for the fact that she was troubled
with her monthly courses. Several witnesses also testified

on behalf of the said Effie as to her character for chastity and truth. The record states that the above is all the evidence which was offered in the case, and we have copied it entire for the purpose of showing that it did not justify the court in giving, against the objection of defendant, the following instruction, viz.: "The court instructs the jury that it is proper for them, in arriving at their verdict, to take into consideration the admissions of the defendant, if they find he made any, and his flight when charged, if he fled." It does not appear from the record before us that there was a particle of evidence on which to base this instruction, and for the error in giving it the judgment will be reversed. In this aspect of the case it is wholly immaterial to consider the point made in regard to the failure of the record to show an arraignment. The cause, in all other respects, was well tried and the law fairly declared.

Judgment reversed and cause remanded, in which all concur, except Judge NAPTON.

REVERSED.