THE STATE v. WEBSTER, *Appellant.*

1.  **Felonious Assault to Kill.** The indictment in this case charging a felonious assault with intent to kill, punishable under section 29, page 449, Wagner's Statutes; *Held,* to be good under that section.

2.  ———. A person indicted under section 29, page 449, Wagner's Statutes, for a felonious assault with intent to kill, could not be convicted and punished under section 32, page 449, Wagner's Statutes. It was not until the Revised Statutes 1879, (section 1655,) that upon an indictment for a felonious assault, the defendant could be convicted of a lower offense.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Jno. D. Smoot* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

NORTON, J.—Defendant was indicted in the Schuyler county circuit court at its March term, 1876, for a felonious assault with intent to kill. He was tried at the March term, 1878, of said court, was convicted and his punishment assessed at a fine of $100, from which judgment he has appealed to this court.

In the motion for a new trial and arrest of judgment the validity of the indictment is questioned as well as the action of the court in giving and refusing instructions. Omitting the formal parts of the indictment, it alleges that Samuel Webster, with force and arms, at the county of Schuyler, and State aforesaid, upon the body of one John T. Varner, in the peace of the State then and there being, feloniously, on purpose and of his malice aforethought, with a deadly weapon, to-wit: a knife, which he, the said Samuel Webster, in his hands then and there held, did then and there make an assault, and him, the said John T. Varner, strike and wound with

1. FELONIOUS ASSAULT TO KILL.

said knife, with the intent him, the said John T. Varner, then and there to kill, contrary to the statute in such cases made and provided, and against the peace and dignity of the State. This indictment sufficiently charges an offense under section 29, Wagner's Statutes, 449, and follows the form of an indictment founded upon section 34, Revised Statutes 1845, precisely like section 29, *supra*, and which was expressly approved by this court in the case of the *State v. Chandler*, 24 Mo. 371.

The only remaining question for our determination is whether defendant, who, as we have seen, was indicted for 2. ——. an assault made, feloniously, on purpose and with malice aforethought, could be convicted and punished as for an offense under section 32, Wagner's Statutes, 449. We have not been able to find anything in the statute in existence when this offense was committed, or in the decisions of this court in construing the above sections, which would warrant us in answering this question in the affirmative. We have been cited by the attorney general to the case of the *State v. Seward*, 42 Mo. 206, as authority and upholding such a conviction. All that is determined by that case is that an indictment which fails to set out the offense defined by the said 29th section, if it contains a complete and sufficient description of an offense designated in the said 32nd section, will authorize a conviction under the latter section. It is not decided in the above case that an indictment which comes up to the requirements of section 29, and sufficiently alleges the offense therein designated will authorize a conviction under section 32. On the contrary, a different intimation is given, as an examination of the case will show. It follows that the trial court erred in instructing the jury to the effect that they might find defendant guilty under section 32, which instruction they followed.

Since the trial of this cause, which occurred in March, 1878, the legislature, by a new section incorporated in the Revised Statutes of 1879, have provided that "upon an

indictment for an assault with intent to commit a felony, or for a felonious assault, the defendant may be convicted of a lower offense; and in all other cases, whether prosecuted by indictment or information before a justice of the peace, the jury or court trying the case may find the defendant not guilty of the offense as charged, and find him guilty of any offense, the commission of which is necessarily included in that charged against him. The enactment of this new section is equivalent to a legislative declaration that the things authorized to be done under it, could not be done anterior to its adoption.

For the error above indicated, the judgment will be reversed and the cause remanded, in which all concur.