## THE STATE v. GUEST, *Appellant.*

**Larceny:** EVIDENCE SUFFICIENT TO SUPPORT VERDICT. The evidence in this case examined and *held* to support a conviction of larceny from a dwelling house.

*Appeal from Howell Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*W. N. Evans* and *J. H. Winningham* for appellant.

*John M. Wood,* Attorney General, for the State.

(1) The indictment is drawn under section 1309, Revised Statutes, 1879, and is sufficient. *State v. Leedy,* 95 Mo. 76; *State v. Butterfield,* 75 Mo. 297. (2) The instructions given by the court fully, fairly and correctly submitted the law of the case to the jury. *State v. Leedy,* 95 Mo. 76; *State v. Kennedy,* 88 Mo. 341; *State v. Castor,* 93 Mo. 242; *State v. Butterfield,* 75 Mo. 297; *State v. Brown,* 75 Mo. 317; *State v. Talbott,* 73 Mo. 347; *State v. Owens,* 79 Mo. 619. (3) There is only one objection to the admission of testimony, and no reason is assigned or specified for that objection. (4) The testimony taken altogether shows clearly that the defendant took the property as charged in the indictment.

BRACE, J.—The defendant was convicted of larceny from a dwelling house and sentenced to the penitentiary for two years. The indictment charged him "with stealing one suit of clothes of the value of fifteen dollars, and one silver ring of the value of eight dollars, the goods and chattels of B. E. McLaughlin then and there being contained in the dwelling house of one Reese Beavers."

The following is all the evidence in the case :

R. Beavers testified : " I live at Horton, in Howell county, Missouri ; know John Guest and B. E. McLaughlin ; about one year ago Guest and McLaughlin came to my house to get board ; I took them both ; they were at work in the logging business ; Guest was at work for McLaughlin ; about six months ago Guest left and went somewhere else to work, and McLaughlin remained at my house ; about the nineteenth day of February, 1887, John Guest came back to my house and said he wanted to stay all night with me ; I told him he could stay, and he and McLaughlin both stayed in the same room—the room that McLaughlin· had occupied all the time ; next morning the defendant, John Guest, went out with McLaughlin, and McLaughlin hitched up his team and went to work ; then Guest came back and went into the room where he and McLaughlin had slept the night before, and soon after I went in after him, but he had gone out at the back door and I did not see him any more that day ; I did not know that anything was missing until McLaughlin came home that night, when he claimed he had missed his clothes ; McLaughlin that night went after Guest and came back with him next day ; Guest did not have on the clothes of McLaughlin when they came back, but McLaughlin had them under his arm, and when Guest was asked why he took the clothes he said he did not know ; I do not know of my own knowledge that the clothing was taken without the knowledge or consent of the owner, McLaughlin, neither do I know whether they were taken out of my dwelling house or not by Guest ; I had seen the clothing in the house the day before they were said to have been taken, but don't know of my own knowledge when they were taken or by whom ; the house I speak of is my dwelling house in Horton, Howell county, Missouri."

James Bohannon testified · "I live at Horton, in Howell county, Missouri ; I know John Guest and B. E. McLaughlin ; about eight o'clock on the night of the

nineteenth of February, 1887, I started from Horton with
B. E. McLaughlin, and about twenty-eight miles from
there the next day about noon I found Guest in Douglas
county.   He had on a suit of clothes that I knew were
some clothes McLaughlin had owned, and also a finger
ring that I had seen McLaughlin with, and the initial
letters of McLaughlin's name had been about rubbed off
of the ring.   When McLaughlin asked Guest why he
took the clothes, he (Guest) said:   'I did not want to
go to my father's with my old dirty clothes on.   I
wanted to look a little better than that.'   Guest did not
have the ring with him when we first saw him, but when
asked about it said it was at his father's, and went and
got it and gave it to McLaughlin.   The suit of clothes
were worth about fourteen dollars, and the finger ring
worth about two dollars and fifty cents, but McLaughlin
claimed it cost him eight dollars.   I did not hear
Guest say where he got the ring or the clothes, and I
don't know of my own knowledge that he got them in
the dwelling house of Mr. Beavers, or in Howell county;
neither do I know that he took them without the consent
of the owner, McLaughlin."

The only question in the case worthy of considera-
tion is whether the evidence is sufficient to support the
verdict, and we are all of the opinion that it is.   There-
fore the judgment is affirmed.