## THE STATE v. DOYLE, *Appellant.*

### DIVISION TWO.

1. **Felonious Shooting:** INDICTMENT. An indictment under Revised Statutes, 1879, section 1262, *held* to sufficiently aver that the shooting was "feloniously" done.

2. **Criminal Practice:** INDORSEMENT OF ADDITIONAL WITNESSES ON INDICTMENT. An order permitting the indorsement of names of additional witnesses on the back of the indictment on the same day but prior to the commencement of the trial is not error, and, even were it error, proper objections and exceptions should be made and saved in the trial court.

3. ———: INFANT WITNESS. Where a witness nine years of age had never before been in the courthouse, did not know when he was born, nor the nature of an oath, but did know that people were sworn to make them tell the truth, and said that he would tell the truth, and his testimony indicated intelligence, the question of his capacity as a witness is for the trial judge.

4. **Felonious Assault:** INSTRUCTIONS. When the defendant by his testimony did not deny intentional shooting, but alleged self-defense, he was either guilty of the assault as stated, or was justified as claimed, and the court properly refused to instruct the jury on offenses of a lower grade than that charged in the indictment.

The State v. Doyle.

5. ———: ———: SHOOTING WITH LOADED GUN: PRESUMPTION. An instruction that if defendant assaulted the prosecuting witness with a loaded gun and shot him, they could infer, in the absence of qualifying facts, that the defendant thereby intended to kill, was proper as declaring the presumption of law raised upon the deliberate act of one making an assault upon another by means of a deadly weapon.

6. **Criminal Practice:** REMARKS OF PROSECUTING ATTORNEY. Where objection to the remarks of the prosecuting attorney in his argument to the jury was raised on motion for new trial supported by an affidavit, but the bill of exceptions does not show that the question was heard or that the affidavit was read to the court or that other evidence was offered, the rulings of the court are presumed to have been correct, and will not be reviewed on appeal.

*Appeal from Maries Circuit Court.*—Hon. Rudolph Hirzell, Judge.

AFFIRMED.

*W. S. Pope* for appellant.

(1) The court erred in overruling the motion to quash and in arrest. *State v. Feaster*, 26 Mo. 326; *State v. Davis*, 29 Mo. 391. (2) The court had no right to allow the state's attorney to mutilate the indictment by allowing names of witnesses to be indorsed thereon after the jury was sworn. It made the indictment say something it did not say when it left the grand jury. It was not the same document that the grand jury returned into court. R. S. 1889, sec. 4097; R. S. 1879, sec. 1802. (3) The court erred in permitting the boy Shockley to testify, under the circumstances. The court erred in its instructions for the state, especially in giving number 4. (4) The court erred in refusing defendant's instructions. They were correct in theory, principle and practice, and should have been given. *State v. Foley*, 12 Mo. App. 431. The statements of the prosecuting attorney in regard to the evidence were untrue, and when the attention of the court was called to the fact he should have been rebuked. The

The court trying the case is the sole judge of the fact of the capacity or incapacity of a child under ten years to receive a just impression of the facts respecting which he is examined, and to relate them truly. *State v. Scanlan*, 58 Mo. 204. (7) The only instructions which are claimed to be erroneous in the motion for a new trial are the first and fifth, given on the part of the state. These, as well as the other instructions, correctly declare the law. *State v. Musick*, 101 Mo. 261 ; *State v. Jones*, 86 Mo. 623. (8) The evidence in the case did not justify the giving of an instruction looking to the conviction of defendant of a lower grade of the offense charged. *State v. Musick, supra; State v. Jones, supra; State v. Robb*, 90 Mo. 30.

MACFARLANE, J.—Defendant was convicted by the circuit court of Maries county of a felonious assault, and from the judgment appealed to this court. The indictment under which he was charged was framed upon section 1262, Revised Statutes, 1879, and the charging part was, that defendant, "with force and arms in and upon one Thos. R. Shockley, in the peace of the state, then and there being, unlawfully, wilfully, feloniously, on purpose and of his malice aforethought, with a deadly weapon, to-wit, a double-barrel shotgun, loaded with gunpowder and leaden balls, which he, the said Doyle, then and there had and held, did make an assault upon the person of the said Thos. R. Shockley, and did shoot the leaden balls from said shotgun, loaded as aforesaid, at, against and into the body of the said Thos. R. Shockley, with the intent, him, the said Thos. R. Shockley, then and there unlawfully, wilfully, feloniously, on purpose and of his malice aforethought to kill and murder," etc.

I. The sufficiency of this indictment was questioned, both by motion to quash, and motion in arrest of judgment, and the ruling of the court in denying these motions is assigned as error. The ground of objection

language of the counsel assisting the state in his closing argument was simply outrageous. He was not authorized to use it by any fact in the record. The evidence discloses that defendant is a man of most excellent character in every respect. Such language is calculated to prejudice a jury against defendant, especially after the attention of the court is called to it in their presence, and it is tacitly approved.

*John M. Wood,* Attorney General, for the State.

(1) No error was committed in overruling the motion to quash the indictment. The indictment was sufficient. 3 Chitty's C. L. 828; *State v. Seward,* 42 Mo. 206; *State v. Chandler,* 24 Mo. 370; *State v. Comfort,* 5 Mo. 357; *State v. Webster,* 77 Mo. 566; *State v. Grimes,* 29 Mo. App. 470; *State v. Hayes,* 67 Mo. 692; *State v. Painter,* 67 Mo. 84; *State v. McDonald,* 67 Mo. 13; *State v. Freeland,* 65 Mo. 547. (2) The objection of defendant to the panel of more than twenty jurors from which to select a jury to try the cause was put upon the ground that he was only charged with common assault. The objection is met by the authorities cited in the preceding paragraph. (3) The indorsing on the indictment of additional names of witnesses was not assigned either in the motions to quash the indictment, for a new trial or in arrest. (4) The remarks of counsel in this case were within bounds of legitimate argument, and constitute no ground for the reversal of the cause. *State v. Elvins,* 101 Mo. 234; *State v. Musick,* 101 Mo. 261; *State v. Emery,* 79 Mo. 461; *State v. Zumbunson,* 86 Mo. 111. (5) No error was committed in permitting the prosecution to show the nature and extent of the wounds produced by the shot. This is allowed in every case where wounds are inflicted, as it tends to show the character and intention of the assault. (6) No error was committed in permitting James M. Shockley, son of the prosecuting witness, to testify.

to the indictment is` that it does not charge that the shooting was done feloniously; that the word "feloniously" qualifies the assault and not the particular manner of the assault, or act, as charged.   It is unquestionably true that proper criminal pleading requires that every felonious act must be charged to have been feloniously done.   We think this indictment sufficiently does so.   The assault, with a gun, is the criminal act of which defendant is accused, and which is clearly charged to have been made feloniously, on purpose and of malice aforethought.   If the indictment had merely charged that defendant "shot at" Shockley, then no assault need have been charged, but there should have been an allegation that the shooting was felonious.   To "shoot at or stab" is made an offense under this section, and to assault with a deadly weapon, another.   This indictment follows the statute and sufficiently charges the latter.   *State v. Webster*, 77 Mo. 566; *State v. Phelan*, 65 Mo. 548; *State v. Painter*, 67 Mo. 85; *State v. Havens*, 95 Mo. 168.

We are able to see no real conflict between these cases and those of the *State v. Feaster*, 25 Mo. 326, and *State v. Davis*, 29 Mo. 396, relied upon by defendant.   In the latter the acts pronounced criminal by the statute were the maiming, wounding and disfiguring another.   The court holds that, as the commission of these acts is made a felony, the acts must be charged as having been done feloniously.   The cases upon which our conclusion rests do not militate against the general rule that a felonious act must be charged to have been done feloniously.   The question in each case must be, what are the acts made felonious by the statute.   Under section 1262, *supra*, "to shoot or stab" another is made a felony, and that offense may be properly charged without alleging an assault.   *State v. Phelan, supra; State v. Estis*, 70 Mo. 435.   The same section makes an assault, with a deadly weapon, with intent to kill, a felony, and it has been held not necessary to charge the

manner in which the assault was made.  *State v. Chandler*, 24 Mo. 371.  In that case the assault was charged to have been feloniously made with a loaded gun, without any allegation as to the manner in which it was made, whether by shooting or striking with the gun. The indictment was held sufficient, the court holding that the manner of using the gun was a matter of proof. This principle of criminal pleading is fully recognized in this state.  *State v. Clayton*, 100 Mo. 518, and authorities cited.

If the manner of making the assault can be entirely omitted from the indictment, no reason can be seen why, if stated, it should be necessary also to state that it was felonious.  The assault coupled with the intent constitutes the felony.

II.  The record shows that, prior to the commencement of the trial, and on the same day, at the request of the prosecuting attorney, leave was given him to indorse on the back of the indictment the names of additional witnesses.  Objection is made to this for the first time in this court, so far as appears from the record.  The record fails to show what names, if any, were indorsed upon the indictment pursuant to the leave given.  It does not appear that objections were made by defendant, or any exceptions saved, neither was the attention of the circuit court called to this question by either the motion in arrest or for a new trial.  For these reasons according to the uniform ruling of this court the question we are called upon to review cannot be considered. *State v. Day*, 100 Mo. 242; *State v. Elvins*, 101 Mo. 243. Moreover permitting the indorsement of additional names on the indictment was, if done, not error.  *State v. Griffin*, 87 Mo. 612; *State v. Roy*, 83 Mo. 268; *State v. Patterson*, 73 Mo. 699.

III.  The state called as a witness James M. Shockley, who was only nine years of age.  On being examined by the court respecting his qualifications as a witness he stated that he had never been in the courthouse before

that occasion, and could not tell the day, month or year on which he was born, did not know the nature of an oath, but he knew that people were sworn in order to make them tell the truth and would, himself, tell the truth. The court received his testimony over the objection of defendant. In the well-considered case of *State v. Scanlan*, 58 Mo. 204, it was held that the capacity or incapacity of a witness to testify was a matter for the determination of the trial judge, upon inspection and oral examination of the witness himself. We can see no reason for departing from that rule. The qualification depends much upon the appearance of the child, his conduct and manner. These could only be known by seeing them. His testimony indicates intelligence, and the jury could judge of his credibility.

IV. Objection is here raised that the court should have instructed the jury upon lower grades of offense than that with which defendant was charged. This the court should certainly have done, if the evidence tended to prove the commission of a lesser offense. The propriety of the action of the court in its refusal depends upon whether such instructions were authorized by the evidence.

The quarrel, out of which the assault grew, occurred in the field of Shockley, the prosecuting witness, where defendant had gone, as he testified, to request him to keep his cattle from trespassing upon his cornfield. Here the parties engaged in a violent, noisy and abusive quarrel, which somewhat subsiding Shockley returned to his plow. What then occurred defendant related in his testimony as follows: "Then he kinder hushed, and I started to go home, when he said he was going to have one-third of the fodder. I had the land rented from him, and nothing was said about the fodder. I had given the fodder to my father, and he was cutting it up. I was going to move away that fall. When he said he was going to have one-third of the fodder I said, 'If you do, you will get it according to law.' He then

said, 'You have got nothing to law with.' I told him I thought I had about as much to law with as he did, if his debts were paid.    I swore a little about that time, I guess.   He was leaning against the plow holding the handles.   He picked up a rock and said, 'You lazy son-of-a-bitch, I will settle you,' and threw it at me. It passed over my right shoulder and kinder glanced it. He leaned over as if to pick up another rock, and I shot him in the legs.   I did not want to shoot him in the body to kill him."

Shockley denied throwing a stone at all, and testified that he only undertook to get one when he saw that the purpose of defendant was to shoot.   When the shot was fired, according to the evidence of Shockley, the parties were between twenty and thirty yards, and according to that of defendant thirty-five or forty feet apart.

It will be seen that defendant did not deny the intentional shooting, but undertook to justify it on the ground of self-defense.   According to his own testimony he was guilty of the assault, on purpose and of malice aforethought, or he was justified on the ground of self-defense.   These were the issues, and they were fairly submitted under proper instructions.   *State v. Musick*, 101 Mo. 262 ; *State v. Schloss*, 93 Mo. 365.   It will be seen by these decisions that the statute ( R. S. 1879, sec. 1655) providing that, "Upon an indictment for an assault with an attempt to commit a felony, or for a felonious assault, the defendant may be convicted of a lesser offense," was only intended to apply to cases in which the evidence justified such a conviction.   If the unquestioned evidence showed that the offense charged, and no other, was committed, then a conviction could only properly be had for the one charged. The admissions of defendant show that he was guilty of a felonious assault, unless justified.   Under the testimony given by defendant himself, the court properly refused to instruct on an offense less than that charged.

Defendant questioned the correctness of the fourth instruction, in which the jury is told that, if "defendant assaulted Shockley with a loaded gun and shot him, they could infer, in the absence of qualifying facts, that the defendant intended thereby to kill Shockley." This instruction properly declares the presumption the law raises upon the deliberate act of one making an assault upon another, by means of a deadly weapon, and has received the sanction of many decisions of this court. *State v. Musick, supra,* and authorities cited.

The usual complaint is made to the remarks of the prosecuting attorney in his argument to the jury. This objection was raised in the motion for a new trial, and was supported by an affidavit, but the bill of exceptions fails to show that this question was heard, on the hearing of the motion, or that the affidavit was read to the court, or that other evidence was offered. Taking the presumptions that are indulged in favor of the correctness of the proceedings of the circuit court, with the failure to preserve the evidence, if any was heard, we must presume the court ruled correctly on the point.

We have examined all the evidence and the instructions carefully and find no error which could have operated to the prejudice of defendant. The instructions asked by defendant, and refused, were fully covered by those given. The trial appearing to have been fair and impartial, the judgment ought to be, and is, affirmed. All concur.