THE STATE v. CHARLES HENDRICKSON, Appellant.

### Division Two, November 26, 1901.

1. **Indictment:** IN LANGUAGE OF STATUTE. Where the offense is a statutory one, an indictment which follows the language of the statute is sufficient.

2. ———: ASSAULT: CHARGING FELONIOUS INTENT. The indictment charged that the defendant upon the body of one D. S. Hanes, then and there being, feloniously and willfully, with a deadly weapon, to-wit, a knife, which he, the defendant, then and there held, did then and there make an assault with the intent the said Hanes then and there to kill, etc. *Held,* that the word "feloniously," used only once in the indictment, is used with respect both to the character of the assault and to the intent with which it was committed, and hence, the indictment is not fatally defective as failing to charge that the assault was committed with a felonious intent.

3. ———: TWO COUNTS. The indictment in this case did not contain two counts because it charged one defendant of felonious assault and another as principal in the second degree.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*B. J. Emerson* and *O. T. Hamlin* for appellant.

(1)   The indictment is fatally defective because it does not charge the assault was made with felonious intent. The indictment herein attempts to charge a felony that is a crime which is liable to be punished by imprisonment in the penitentiary, not one which must be thus punished. R. S. 1899, sec. 1847. Being thus a felony, it was indispensable that the indictment should charge that the act, to-wit, the assault, was

done with felonious intent, because without felonious intent there can be no felony. State v. Clayton, 100 Mo. 516; State v. Doyle, 107 Mo. 36; State v. Norman, 136 Mo. 2. (2) The pleader attempted to put two counts in the indictment. Both are bad because they do not conclude "against the peace and dignity of the State." Constitution, sec. 38, art. 6; State v. Lopez, 19 Mo. 254; State v. Pemberton, 30 Mo. 376.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) The felonious intent is sufficiently charged in the instrument. The indictment charged that the assault was feloniously committed, hence, it became unnecessary to repeat the word "feloniously" immediately preceding the word "intent." State v. Comfort, 5 Mo. 357; State v. Chandler, 24 Mo. 371; State v. Seward, 42 Mo. 206; State v. Webster, 77 Mo. 566; State v. Jones, 86 Mo. 623; State v. Smith, 80 Mo. 516. An examination of the indictment would disclose that it is a substantial compliance with the form laid down by Kelley in his Criminal Law, section 579, page 381. In this case the indictment charged the offense to have been made feloniously, which, of course, means that the defendant willfully and feloniously intended to commit the crime charged. This, we think, is sufficient to charge criminal intention. (2) It is charged, upon the part of the appellant, that the prosecuting attorney attempted to put two counts in the indictment, and that both are bad because they do not conclude, "against the peace and dignity of the State." The indictment does not disclose any attempt upon the part of the prosecuting attorney to present two counts in the indictment. It is true the words, "And the jurors aforesaid, upon their oaths aforesaid, do further present," etc., are found in the indictment, but it certainly can not be said that these words of themselves separate the indictment into an attempt at two counts. While the indictment may

be said to be not artificially drawn, yet there is sufficient to charge the appellant with having committed a felonious assault and with having aided, abetted and assisted in the crime. Where the indictment, in cases of this kind, follows the language of the statute, it is sufficient. State v. Phelan, 65 Mo. 547; State v. Little, 67 Mo. 624; State v. Chumley, 67 Mo. 41; State v. Fraker, 148 Mo. 143. In cases of this kind, the general charge that the assault was made "with intent," etc., is sufficient. State v. Smith, 80 Mo. 516.

BURGESS, J.—Defendant was convicted in the circuit court of Polk county under an indictment charging him with feloniously assaulting one D. S. Hanes with a knife, a deadly weapon, with intent to kill, and his punishment fixed at a fine of one hundred dollars. He appeals.

The indictment, leaving off the formal parts, is as follows:

"The grand jurors for the State of Missouri, summoned from the body of Polk county, impaneled, charged and sworn, upon their oaths present that Charles Hendrickson, late of the county aforesaid, on the twenty-third day of January, 1900, at the county of Polk, State aforesaid, upon the body of one D. S. Hanes then and there being, feloniously and willfully, with a deadly weapon, to-wit, a knife, which he the said Charles Hendrickson then and there had and held, did then and there make an assault with the intent him, the said D. S. Hanes, then and there to kill, and the jurors aforesaid, upon their oaths aforesaid, do further present that W. T. Hendrickson then and there feloniously was present aiding, abetting and assisting the said Charles Hendrickson the felony and assault aforesaid, feloniously to do and commit, against the peace and dignity of the State."

It is claimed that the indictment does not allege that the assault was committed with a felonious intent, in that the word "feloniously" is not used next preceding the word "intent," and is therefore fatally defective. This contention may

be conceded to be correct, unless the word "feloniously," as theretofore used in the indictment, is connected with the assault, because all felonies must be charged to have been committed feloniously.

The indictment charges that defendant, on the twenty-third day of January, 1900, at the county of Polk......upon the body of one D. S. Hanes, then and there being, *feloniously* and willfully, with a deadly weapon, to-wit, a knife, which he then and there had and held, did then and there make an assault with the *intent* him the said Hanes then and there to kill, and in so far as the charging part of it is concerned is in the exact language as near as may be, as the form laid down in such cases by Kelly in his Criminal Law and Practice, page 381.

In State v. Chandler, 24 Mo. 371, an indictment in all material respects like the one at bar except the assault in that case was charged to have been committed with malice aforethought under what is now section 1847, Revised Statutes 1899, while the one under consideration was drawn under section 1848, Revised Statutes 1899, was expressly approved by this court.

The indictment whose sufficiency was passed upon in the case of State v. Webster, 77 Mo. 566, charged that "Samuel Webster, with force and arms, at the county of Schuyler, and State aforesaid, upon the body of one John T. Varner, in the peace of the State then and there being, feloniously, on purpose and of his malice aforethought, with a deadly weapon, to-wit, a knife, which he, the said Samuel Webster, in his hands then and there held, did then and there make an assault, and him, the said John T. Varner, strike and wound with said knife, with the intent, him, the said John T. Varner, then and there to kill, contrary to the statute, and against the peace and dignity of the State," and it was held good, although the intent to kill was charged almost in the exact language used in the indictment in this case.

So in State v. Jones, 86 Mo. 628, an indictment which charged that one Price Jones, "in and upon one Leonard Allen, feloniously, on purpose, and of his malice aforethought, did make an assault, and did then and there, on purpose, and of his malice aforethought, feloniously shoot him, the said Leonard Allen, in and upon the back of him, the said Leonard Allen, with a certain pistol, loaded with powder and leaden balls, which he, the said Price Jones, then and there held in his right hand, with intent then and there, him, the said Leonard Allen, on purpose, and of his malice aforethought, to kill and murder, against," etc., was approved.

In the case of State v. Seward, 42 Mo. 206, it was said: "The sole question in this case is whether the court committed error in sustaining the demurrer to the indictment. The indictment contains but one count, and alleges that the defendant, with force and arms, upon the body of one Edward Carter, then and there being, feloniously, on purpose, and willfully, with a deadly weapon, to-wit, a double-barrel shotgun, loaded with gunpowder and leaden bullets, did then and there make an assault, with the intent him, the said Edward Carter, then and there to kill. The objection stated in the demurrer upon which the court held the indictment bad, was that it did not charge that the offense was committed on purpose and with malice aforethought. The decision of the court below was made on the hypothesis that the indictment was framed on the twenty-ninth section of chapter 200 of the General Statutes, and that it could not be applied to the thirty-second section of the same chapter. The omission to state that the act was done with malice aforethought would be a fatal defect within the meaning of the twenty-ninth section, as has been repeatedly held by the decisions, but the next question is whether the indictment does not sufficiently set out the offense under the thirty-second section. It is immaterial what section was in the mind of the pleader when the indictment was drawn or on what particular section he intended to base it, provided a suf-

ficient description was set out as to any offense created or recognized by the statute."

The word "feloniously" is only used once in the indictment, and then with respect to the character of, and the intent with which the assault was committed. It in substance, charges that Hendrickson feloniously made an assault upon the body of one D. S. Hanes, with a deadly weapon, to-wit, a knife, with intent to kill him. The indictment follows the language of the statute in defining the offense, and the offense being a statutory one, that is all that is necessary. [State v. Chumly, 67 Mo. 41; State v. Little, 67 Mo. 624.]

It is said that the pleader attempted to put two counts in the indictment, and that both are bad because they do not conclude, "against the peace and dignity of the State," but whatever the attempt of the pleader may have been with respect to putting two counts in the indictment, he did not do so, and it is not bad for that reason, nor is it bad for the reason that it does not conclude, "against the peace and dignity of the State," for this is a misconception of the language used in concluding the indictment which says in so many words, "against the peace and dignity of the State." State v. Lopez, 19 Mo. 254, and State v. Pemberton, 30 Mo. 376, relied upon by defendant as sustaining his contention, merely hold that an indictment which fails to conclude, "against the peace and dignity of the State," is invalid, but that is not this case.

Finding no reversible error in the record, we affirm the judgment. All concur.