THE STATE v. SHERMAN McGOVERN, Appellant.

Division Two, November 14, 1911.

1. INFORMATION: Assault with Intent to Kill.  An information, set out in the opinion, for assault with intent to kill, is held sufficient, though somewhat inartificially drawn, to sustain a conviction under Section 4482, R. S. 1909.

2. MOTION IN ARREST: Not Formally Overruled.  The failure of the trial court to formally overrule the motion in arrest before sentencing appellant was of no consequence.   The rendition of judgment was equivalent to overruling that motion.

Appeal from Lewis Circuit Court.—*Hon. Chas. D. Stewart*, Judge.

AFFIRMED.

*Elliott W. Major*, Attorney-General, *John M. Dawson* and *Campbell Cummings*, Assistant Attorneys-General, for the State.

(1)   The information is valid, sufficient and adequately defines the defense, and is in the language of the statute.   State v. Chandler, 24 Mo. 371; State

v. Webster, 77 Mo. 566; State v. Jones, 86 Mo. 628; State v. Seward, 42 Mo. 206; State v. Hendrickson, 165 Mo. 262. The information follows the language of the statute in defining the offense, and the offense being a statutory one, that is all that is necessary. State v. Chumley, 47 Mo. 41; State v. Little, 67 Mo. 624; State v. Melton, 102 Mo. 683; State v. Pond, 191 Mo. 568; State v. Havens, 95 Mo. 167. (2) Under the record proper (and nothing but that is before this court) there is nothing for this court to do but to affirm the cause. State v. Harris, 216 Mo. 392; State v. Moore, 203 Mo. 627; State v. Goehler, 193 Mo. 183.

BLAIR, C.—The charging part of the information upon which appellant was convicted is as follows:

"That one Sherman McGovern, on the 3d day of July, A. D. 1909, at the county of Lewis in the State of Missouri, aforesaid, then and there being, upon the body of one William Port McCracken then and there being, feloniously, on purpose and willfully, with deadly weapons, to wit: with a certain club or cudgel of about the length of two and one-half feet and the thickness of two inches, and with a certain pistol loaded with powder and leaden balls, which he, the said Sherman McGovern, then and there held, did, then and there, make an assault with the intent him, the said William Port McCracken, then and there, to kill, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State."

While this information is somewhat inartificially drawn, it is sufficient to sustain a conviction under section 4482, Revised Statutes 1909. The reasoning which leads to this conclusion can be found in cases previously decided. [State v. Seward, 42 Mo. 206; State v. Temple, 194 Mo. l. c. 234; State v. Hendrickson,165 Mo. 262; State v. McDonald, 67 Mo. 13; State v. Hottman, 196 Mo. l. c. 122; State v. Myers, 198 Mo. l. c. 258.]

The failure of the trial court to formally overrule the motion in arrest before sentencing appellant was of no consequence. The rendition of the judgment was equivalent to overruling that motion. [State v. Jackson, 221 Mo. l. c. 490; State v. Eisenhour, 132 Mo. 149.]

No bill of exceptions was filed, and as an examination of the record proper discloses no prejudicial error, the judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.